Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Amber Ross

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

Amber Ross,

Plaintiff,

v.

Discover Bank,

Defendant.

CASE NO. 2:19-05760

PLAINTIFF'S COMPLAINT FOR DAMAGES:

1. Violation of the Rosenthal Fair Debt Collection Practices Act
2. Violation of the Telephone Consumer Protection Act

COMES NOW Plaintiff Amber Ross, an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Discover Bank (hereinafter "Discover") for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

8. Plaintiff Amber Ross (hereinafter "Plaintiff") is an individual residing in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

9. At all relevant times herein, Defendant Discover engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

10. At all relevant times, Defendant Discover acted as a “debt collector” within the meaning of Cal. Civ. Code §1788.2(c)

11. Plaintiff had an unsecured credit account with Discover Bank that was opened in approximately October of 2016.

12. The loan Plaintiff took from Defendant Discover was extended primarily for personal, family or household purposes and is therefore a “debt” as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

13. Defendant Discover has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a “consumer credit transaction” within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

14. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant Discover arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a “consumer debt” within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a “debt collector” within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in “debt collection” within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a “person” within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

16. Plaintiff’s account was an unsecured credit card and Plaintiff began making payments on the account.

17. Plaintiff’s payment on the account continued for several years before she became financially unable to continue with the monthly payment.

18. Plaintiff retained counsel to assist in dealing with Discover debt and to seek some type of financial relief.

19. Counsel for Plaintiff sent Defendant Discover a letter confirming representation of Plaintiff, stating that Defendant was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

20. Counsel for Plaintiff sent the letter of representation to Discover on or about May 18, 2019.

21. Plaintiff informed Discover that she was revoking her consent, if it was ever previously given, to be called on her telephone in May of 2019.

22. Defendant received Plaintiff's revocation letter on May 28, 2019. At that time Defendant was also aware that Plaintiff had retained counsel and that it was to no longer contact Plaintiff regarding the Discover account.

23. Plaintiff denies she ever gave his express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

24. Plaintiff believes an ATDS was used by Defendant due to the high number of calls that were received on Plaintiff's cellular telephone.

25. Plaintiff believes that once a call was received the ATDS transferred the call to a live person.

26. Defendant Discover continued to contact Plaintiff between approximately June 1, 2019 – at least June 12, 2019; the type of contact was through phone calls to Plaintiff on her cellular telephone.

27. Despite notice being sent Defendant continued to contact Plaintiff on her cellular telephone regarding collection of his outstanding debt.

28. Plaintiff was contacted frequently regarding non-payment of the debt owed to Discover despite Discover being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Discover.

29. Discover's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

//

//

**FIRST CAUSE OF ACTION**

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Discover)

30. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

31. Plaintiff provided written notice that she was represented by an attorney by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

32. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

33. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

34. Plaintiff received frequent calls from Discover from at least June 1, 2019 – June 12, 2019.

35. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

36. Defendant received notice regarding Plaintiff's retention of counsel but continued to contact Plaintiff.

**SECOND CAUSE OF ACTION**

(Violation of the TCPA)
(47 USC § 227)
(Against Discover)

37. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

38. Since at least June of 2019 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

39. Plaintiff informed Defendant that she was revoking consent to be contacted by Discover in May of 2019.

40. Discover continued to call Plaintiff frequently since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

41. Defendant would contact Plaintiff frequently regarding payment on the accounts.

42. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

43. Defendant contacted Plaintiff on at least twenty (20) separate occasions after Plaintiff informed Defendant she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

44. The calls placed by Discover were relentless and caused significant mental anguish and emotional pain to Plaintiff.

45. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

46. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

47. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

**b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

**c.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

**d.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

    **e.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**f.** Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: July 2, 2019 By: */s/ Elliot Gale*
Elliot Gale
Joe Angelo
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: July 2, 2019 */s/ Elliot Gale*
Elliot Gale
Joe Angelo
Attorneys for Plaintiff